# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2011

No. 10-30840
Summary Calendar

Lyle W. Cayce
Clerk

FREDDIE R. LEWIS,

Plaintiff-Appellant

v.

LOUISIANA SECRETARY DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS; CORRECTIONS CORPORATION OF AMERICA; WINN CORRECTIONAL CENTER; SECRETARY OF PUBLIC SAFETY AND CORRECTIONS; JACK GARNER; TIM WILKINSON; RANDY OLLIFF,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-2026

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Freddie R. Lewis, Louisiana prisoner # 395306, moves for leave to proceed in forma pauperis (IFP) following the district court's certification that his appeal from dismissal as frivolous of his civil rights action is taken in bad faith.

Lewis makes the conclusional assertion in support of his motion that he stated colorable claims of constitutional deprivation; actual injury; violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

posted policy, rules, regulations of the Department of Corrections; breach and default of management services contract; and violations of state law, federal law and constitutional law. Although we construe liberally his pro se brief, Lewis has failed to brief any issues for his challenge to the district court's certification that his appeal is taken in bad faith. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). His IFP motion is denied.

This court may sua sponte dismiss an appeal pursuant to Fifth Circuit Rule 42.2 if "the merits are so intertwined with the certification decision as to constitute the same issue" and it is apparent that the appeal would lack merit. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The district court's certification was based on the merits of Lewis's claims that he was denied access to the courts and was entitled to injunctive relief, and therefore is intertwined with the merits of the case. Because Lewis has failed to brief his challenge to the certification, his appeal is dismissed as frivolous. *See Baugh,* 117 F.3d at 202 n.24.

The district court's dismissal as frivolous of Lewis's civil rights action pursuant to § 1915(e) and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Lewis that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.