# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30909

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2014

Lyle W. Cayce
Clerk

FREDDIE R. LEWIS,

Plaintiff-Appellant

v.

CORRECTIONS CORPORATION OF AMERICA; WINN CORRECTIONAL CENTER; JACK GARNER; TIMOTHY KEITH; NICOLE WALKER; BRENDA WASHINGTON; JAMES LEBLANC,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-2258

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Freddie R. Lewis, Louisiana prisoner # 395306, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 lawsuit for failure to state a claim. By moving to proceed IFP, Lewis is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30909

FED. R. APP. P. 24(a)(5).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

To the extent Lewis raised claims about his stolen property, he has not shown that he has a nonfrivolous argument for appeal regarding the district court's dismissal of those claims for failure to state a cognizable claim.  *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Lewis contends that the court improperly dismissed his entire complaint for failure to state a claim without addressing all of his claims.  Construed liberally, the gist of Lewis's arguments in this court and below is that there were numerous constitutional errors and violations during the state court proceedings.  The district court did not address these arguments, but it lacked jurisdiction to do so because Lewis essentially sought federal review of the state court proceedings.  *See Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

Because Lewis has not shown that there are any nonfrivolous issues for appeal, his IFP motion is denied.  *See Howard*, 707 F.2d at 220.  The instant appeal is frivolous and is therefore dismissed.  *See id.*; *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Both this court's dismissal of the instant appeal as frivolous and the district court's dismissal of the complaint for failure to state a claim count as strikes for purposes of the three-strikes bar of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Lewis has at least two other qualifying strikes.  *See Lewis v. La. Sec. Dep't of Pub. Safety*

No. 13-30909

*& Corrections*, No. 10-30840 (5th Cir. Mar. 2, 2011) (unpublished). Accordingly, Lewis is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).  He is further warned that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.