# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-10581
Summary Calendar

JEFF LEGGETT

Plaintiff-Appellant

v.

JANAY B WILLIAMS, Property Officer; RALEIGH BREEDEN, OIG, Texas
Department of Criminal Justice; DENNIS M HAWKINS, Sergeant; JEFFERY
L JONES, Sergeant; D BALCH; JUSTIN C HALIBURTON; CARY COOK;
KELLI WARD; RONALD P WILLIAMS, Captain

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-110

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jeff Leggett, Texas inmate # 590716, appeals the grant
of summary judgment for the defendants in his civil rights suit filed pursuant
to 42 U.S.C § 1983 against officials at the Texas Department of Criminal Justice
(TDCJ).. We review a grant of summary judgment de novo. Freeman v. Texas
Dep't of Crim. Justice, 369 F.3d 854, 859 (5th Cir. 2004). Summary judgment is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

proper under FED. R. CIV. P. 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Leggett contends that the magistrate judge erred when he applied the Parratt/Hudson[1] doctrine because the TDCJ delegated the authority to deprive him of his property to prison authorities under Administrative Directive 3.72. Leggett mischaracterizes the directive at issue, given that Leggett was given the option of mailing his property or having the prison destroy it. Moreover, Leggett's due process claim rests on his assertion that the defendants conspired to confiscate and destroy his property as an act of retaliation for his status as a writ writer and for his complaints against the Robertson Unit officers. Thus, Leggett's claim rests on the purported random and unauthorized acts of prison officials, and his claim for § 1983 damages is barred by the Parratt/Hudson doctrine. See Hudson, 468 U.S. at 535; Holloway v. Walker, 784 F.2d 1287, 1291 (5th Cir. 1986).

Leggett also asserts that the magistrate judge misapplied the Parratt/Hudson doctrine because Leggett had no state-court remedy for his tort claim. According to Leggett, his property was worth in excess of $10,000, and under Texas law he can recover only $500. He also argues that state court remedies were unavailable to him because the clerk of the state court refused to accept his suit for filing.

Leggett's arguments are unavailing. See Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1984); see also TEX. GOV'T CODE ANN. art. 501.007. That Leggett might not be able to recover under Texas's remedies the full amount that he

---

[1] Hudson v. Palmer, 468 U.S. 517, 534 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

might receive in a § 1983 action is not determinative of the adequacy of that state's remedies. See Hudson, 468 U.S. at 535. Likewise, that Leggett was unsuccessful in filing his state suit does not render Texas's post deprivation remedies unavailable. See Holloway, 784 F.2d at 1293. Thus, the magistrate judge did not err when he granted summary judgment for the defendants on Leggett's procedural due process claim. We need not review Leggett's substantive due process claim because he did not raise it in the district court. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Leggett insists that the magistrate judge abused his discretion when he denied Leggett's motions for injunctive relief. Given Texas's post deprivation remedies, Leggett was not entitled to injunctive relief on his due process claim. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 419 n.15 (5th Cir. 2001).

Leggett's contention that the magistrate judge erred when he granted summary judgment for the defendants on Leggett's retaliation claim is without merit. The summary judgment evidence indicates that Leggett's property was confiscated because it was in excess of prison regulations and that it was destroyed because he failed to complete the form addressing the disposition of his property. Thus, Leggett has not advanced an issue of material fact regarding retaliatory animus. See Morris v. Powell, 449 F.3d 682, 684 (5th Cir.), cert. denied, 127 S. Ct. 596 (2006); Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Leggett's assertion that the magistrate judge erred in granting summary judgment on Leggett's equal protection claim is likewise unavailing. The defendants' summary judgment evidence shows that Leggett possessed more property than was allowed and that he failed to fill out the requisite form directing the way to deal with the property. See Freeman, 369 F.3d at 862.

Leggett advances that the magistrate judge erred when he granted the defendants summary judgment on Leggett's conspiracy claim. To establish a

conspiracy claim under § 1983, Leggett had to show an actual violation of § 1983 and an agreement by the defendants to commit an illegal act. See Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995); Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982). As the preceding discussion demonstrates, Leggett failed to create an issue of material fact regarding a violation cognizable under § 1983. Moreover, Leggett does not allege facts tending to show that the defendants entered into an agreement to deprive him of his property. "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C.A. § 1983." Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986) (internal quotation marks omitted). Thus, the magistrate judge did not err when he granted the defendants summary judgment on Leggett's conspiracy claim. For the same reasons, the magistrate judge did not err when, alternatively, he dismissed Leggett's conspiracy claim as frivolous for lacking an arguable basis in law or fact. See 28 U.S.C. § 1915A; Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

Leggett asserts that the magistrate judge abused his discretion when he dismissed Leggett's claims against Defendant Balch because Leggett alleged that Balch was personally involved in the deprivation of Leggett's constitutional rights. The magistrate judge, however, did not dismiss Leggett's claims against Defendant Balch for lack of personal involvement. Rather, the magistrate judge noted that Balch had not been served and had not answered the suit. The magistrate judge sua sponte determined that Leggett's claim that Balch conspired with the other defendants was conclusional and therefore frivolous. As set forth above, Leggett failed to show that the defendants, including Balch, had agreed to conspire against him.

Leggett contends that the magistrate judge erred when he granted the defendants qualified immunity. Public officials are entitled to qualified immunity from suit under § 1983 unless the plaintiff makes specific allegations

4

that the officials violated clearly established law. Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). As Leggett has not created a genuine issue of material fact on any of his constitutional claims, the defendants are entitled to qualified immunity.

Leggett's insistence that the defendants are not entitled to Eleventh Amendment immunity because they were acting in violation of federal law is unavailing because he sued them in their official capacities. See Aguilar v. Texas Dep't of Crim. Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

Finally, Leggett maintains that the magistrate judge erred when he failed to rule on Leggett's claim that the defendants denied him access to the courts when they confiscated his legal property. The magistrate judge denied Leggett Rule (60(b) relief on his denial-of-access-to-the-courts claim. As Leggett did not appeal from the order denying Rule 60(b) relief, we are without jurisdiction to review his claim that he was denied access to the courts. See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007).

AFFIRMED.