# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2014

Lyle W. Cayce
Clerk

SAMUEL MAYO,

Plaintiff - Appellant

v.

PASADENA POLICE DEPARTMENT; HARRIS COUNTY SHERIFF DEPARTMENT,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3123

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Samuel Mayo, proceeding *pro se*, filed a lawsuit against the Pasadena Police Department and the "Harris County Sheriff Department" over his May 17, 2010 arrest for driving while intoxicated (DWI). Mayo alleged that the defendants had violated his constitutional rights and Article 21.11 of the Texas Code of Criminal Procedure.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20324

The Pasadena Police Department and the Harris County Sheriff's Department filed a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6). Meanwhile, Mayo filed motions for leave to file first, second, and third amended complaints, and the defendants responded.

On April 8, 2013, the district court denied Mayo's motions for leave to amend his complaint and also dismissed Mayo's lawsuit with prejudice and entered final judgment. On May 10, 2013, Mayo filed a motion to reinstate the case. On May 28, 2013, the district court denied Mayo's motion to reinstate, which the district court construed as a FRCP 60 motion for relief from judgment. On June 10, 2013, Mayo filed a notice of appeal from the district court's April 8, 2013 order and final judgment.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must usually be filed within 30 days of the judgment or order.[1] However, there are certain exceptions to this rule. As relevant to this appeal, under Rule 4(a)(4), if a party files a motion "for relief under [FRCP] 60 . . . no later than 28 days after judgment is entered,"[2] then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."[3] In other words, the 30-day deadline begins to run after the resolution of the FRCP 60 motion.

To the extent Mayo tries to appeal the April 8th order and final judgment, he has failed to timely appeal. Mayo did not meet the 30-day deadline set out by Rule 4(a)(1)(A). The notice of appeal was filed on June 10,

---

[1] Fed. R. App. P. 4(a)(1)(A) provides:
> In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

*Id.*

[2] Fed. R. App. P. 4(a)(4)(A)(vi).

[3] Fed. R. App. P. 4(a)(4)(A).

No. 13-20324

2013—63 days after the order and final judgment. Moreover, Mayo's motion to reinstate, which the district court construed as a FRCP 60 motion, failed to delay the running of the deadline clock under Rule 4(a)(4). Mayo filed his FRCP 60 motion on May 10, 2013—32 days after the judgment. As a result, Mayo's notice of appeal filed on June 10, 2013 was untimely. Since a timely filed notice of appeal is a jurisdictional prerequisite to an appellate court's exercise of jurisdiction,[4] we lack jurisdiction over the appeal as to the April 8th order and final judgment.

To the extent Mayo tries to appeal the May 28th order denying his FRCP 60 motion, his appeal still fails. Rule 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order or part thereof being appealed."[5] Rule 4(a)(4)(B)(ii) provides that "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."[6] Mayo's notice of appeal states that it is an appeal "from the dismissal hearing (Docket Entries No. 5, 7) that his lawsuit was dismissed with prejudice and leave to amend would be futile. This is a final judgment signed by Honorable Judge Lee H. Rosenthal on April 08, 2013." Thus, Mayo only designated the April 8th order and final judgment, and not the May 28th order. As a result, we lack jurisdiction over the appeal as to the May 28th order as well.[7]

---

[4] *Bowles v. Russell*, 551 U.S. 205, 209–10 (2007).

[5] Fed. R. App. P. 3(c)(1)(B).

[6] Fed. R. App. P. 4(a)(4)(B)(ii).

[7] *See Leggett v. Williams*, 277 F. App'x 498, 501–02 (5th Cir. 2008) (per curiam); *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001) (per curiam) ("In general, we require a separate

No. 13-20324

It is true that even though we require a separate notice of appeal as to the FRCP 60 motion, "[w]e construe this requirement liberally"[8] and that "a brief may serve as the 'functional equivalent' of an appeal if it is filed within the time specified by [Rule 4] and gives the notice required by [Rule 3]."[9]  Even under this liberal construction, however, Mayo's brief does not constitute a timely notice of appeal as to the May 28th order.  The FRCP 60 motion was denied on May 28, 2013, but Mayo's brief was not filed until September 26, 2013 at the earliest.  This does not comply with the 30-day deadline under Rule 4(a)(1)(A).  Therefore, we still lack jurisdiction over the May 28th order.

Plaintiff's appeal is DISMISSED for lack of jurisdiction.

---

notice of appeal to preserve the issue for our review [when a party wishes to appeal the denial of a FRCP 60(b) motion].").

[8] *Taylor*, 257 F.3d at 475.

[9] *Id.*

4