# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2022

Lyle W. Cayce
Clerk

No. 21-10182
Summary Calendar

---

TRACEY HARRIS COOMER,

*Plaintiff—Appellant*,

*versus*

MARK ROTH; WARDEN ARNOLD; DAISHA B. SIMMONS; DAWN A. ANDERSEN; MICKENZIE M. GILL; JULIE A. MARGUEZ; CHARLES HUFFORD; LORI DAVIS; MAJOR NFN IVEY, CAPTAIN A. CHISUM; SERGEANT ANTHONY R. MARQUEZ, SHANE HEMBREE,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-121

---

## ON PETITION FOR REHEARING

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

The panel has considered Mr. Coomer's petition for panel rehearing and has concluded that his argument is well taken. As a result, we now withdraw our original panel opinion,[1] replacing it with the following opinion.

Tracey Harris Coomer, Texas prisoner # 1473063, filed a lawsuit under 42 U.S.C. § 1983, claiming that prison officials confiscated and destroyed his personal property, both in violation of his right to due process and in retaliation for his filing of grievances. He also moved for an injunction related to additional property loss after the filing of his suit.

After granting Coomer leave to proceed in forma pauperis (IFP), the district court screened the complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). It ultimately dismissed the complaint with prejudice, denied Coomer's motion for an injunction, and imposed a strike under § 1915(g). The district court concluded that Coomer's complaint was filed outside the statute of limitations and, in the alternative, that his claims were frivolous. It also denied Coomer's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Because Coomer's appeal is not frivolous, his motion to proceed IFP is GRANTED. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). We also conclude that further briefing is unnecessary and turn to the merits. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The dismissal of Coomer's civil rights complaint as frivolous is reviewed for abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)); *see*

---

[1] *Coomer v. Roth*, No. 21-10182, 2021 WL 4714607 (5th Cir. Oct. 8, 2021) (per curiam) (unpublished).

*also Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010). A complaint is frivolous if it lacks (1) an arguable basis in law because "it is based on an indisputably meritless legal theory" or (2) an arguable basis in fact because, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry*, 192 F.3d at 507 (internal quotation marks and citations omitted). We must assume that a plaintiff's factual allegations are true. *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999). A pro se prisoner is entitled to factually develop his complaint before a proper determination can be made as to whether it is frivolous. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).

Here, the district court concluded that all Coomer's claims were barred by the two-year statute of limitations. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). But the district court failed to give effect to the factual allegations in Coomer's pleadings showing that there were arguable bases to find: (1) his cause of action accrued on or after February 23, 2016, when his typewriter was confiscated, *see Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); (2) he was entitled to equitable tolling of the limitations period while administrative proceedings were pending, *see Gartrell*, 981 F.2d at 257-58; and (3) the original complaint could have been placed into the prison mail system as early as June 16, 2018, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Because it was not clear from the face of the operative pleadings that Coomer's suit was time barred, the district court erred at this stage in finding that Coomer's complaint should be dismissed under the statute of limitations. *See Gartrell*, 981 F.2d at 257-58. Coomer should be given an opportunity to develop the facts regarding the timeliness of his claims. *See Eason*, 14 F.3d at 9.

Alternatively, the district court found that Coomer's several claims were frivolous. We address these conclusions in turn.

No. 21-10182

First, the district court found that Coomer's due process claim was barred by the *Parratt*/*Hudson*[2] doctrine. The *Parratt*/*Hudson* doctrine counsels that "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (internal quotation marks and citation omitted). The key question here is the first part of that test: whether C/O Gill's act of seizing the typewriter was "random and unauthorized."

We answered this question in *Allen v. Thomas*, a case with remarkably similar facts. 388 F.3d 147 (5th Cir. 2004). Allen's typewriter was taken away because an informant told Johnny M. Thomas, a building security major, that it had been altered from its original condition. *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033, at *1 (S.D. Tex. Aug. 26, 2005).[3] Thomas seized the typewriter "pursuant to TDCJ Administrative Directive 3.72 ('AD 3.72')"—the exact same prison guideline cited by the prison official who seized Coomer's typewriter. *Id.* Allen, like Coomer, "maintain[ed] that his typewriter had not been changed from its original condition" and that Thomas's actions were not authorized by AD 3.72. *Id.* Allen also alleged that his typewriter was seized in an act of retaliation and that he was denied due process. *Id.* at *2. The district court dismissed Allen's due process claim under the *Parratt*/*Hudson* doctrine. *Allen*, 388 F.3d at 149.

---

[2] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

[3] These facts are drawn from the district court's opinion on remand because our opinion did not separately recite them.

No. 21-10182

We reversed. *Id.* We principally relied on the Supreme Court's decision *Zinermon v. Burch*, which clarified the reach of the *Parratt/Hudson* doctrine. *Zinermon* noted that "[c]onduct is not 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" *Id.* (alteration in original) (quoting *Zinermon v. Burch*, 494 U.S. 113, 115 (1990)). Because the state had delegated the authority to enforce AD 3.72 to Thomas, we concluded that Thomas's actions were neither random nor unauthorized, and the *Parratt/Hudson* doctrine did not apply. *Id.* The same logic applies equally to these facts. Seeing no way to differentiate *Allen*, we vacate this portion of the district court's judgment.[4] In so doing, we express no judgment as to the ultimate merits of Coomer's due process claim.

Next, the district court found that Coomer had stated only conclusory claims of retaliation. However, Coomer's complaints allege that beginning

---

[4] We concede that our precedents have been inconsistent on this point. We have held at least twice that the *Parratt/Hudson* doctrine applies where an officer fails to abide by state law or other local regulations. *See Leggett v. Williams*, 277 F. App'x 498, 500 (5th Cir. 2008); *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996). Both of these holdings are therefore in conflict with *Allen*. Of the two, only *Myers* is precedential, and because it predates *Allen*, it would ordinarily govern under the rule of orderliness. However, both *Leggett* and *Myers* fail to distinguish, or even cite, the Supreme Court's decision in *Zinermon*, which as noted above is the Supreme Court's most recent guidance on the reach of the *Parratt/Hudson* doctrine. *See Zinermon*, 494 U.S. at 138 (noting that conduct is not "random and unauthorized" under the *Parratt/Hudson* doctrine if the state "delegated to [the official] the power and authority to effect the very deprivation complained of"). Courts in the Fifth Circuit "refus[e] to apply the rule of orderliness to a [decisions] that conflict[] with an earlier, uncited Supreme Court opinion." *Gahagan v. United States Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) (citing *Wilson v. Taylor*, 658 F.2d 1021, 1034–35 (5th Cir. Unit B 1981); *see also United States v. Brune*, 991 F.3d 652, 664 (5th Cir. 2021). We are instead bound by *Allen*, which considered *Parratt*, *Hudson*, and *Zinermon*, and concluded that official conduct is not "random or unauthorized" merely because officials failed to comply with state law. *See Allen*, 388 F.3d at 149.

in 2015, he filed numerous grievances against Daisha B. Simmons in relation to her purportedly unlawful confiscation of his property and refusal to let Coomer use the law library during Saturday sessions. And he claimed that in February 2016 and thereafter, Simmons retaliated by directing Mickenzie M. Gill to confiscate Coomer's typewriter from his cell and asking Dawn A. Andersen to concoct a rule justifying a decision not to return it. Coomer provided extensive detail relating to the overall timeline of his retaliation claims and alleged specific facts that, taken as true, show that his retaliation claims have an arguable basis in law and fact. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see also Berry*, 192 F.3d at 507.

Finally, the district court dismissed Coomer's claims against Lori Davis, Captain A. Chisum, and Warden Arnold in their supervisory capacities. That conclusion was correct as to Davis and Chisum, as Coomer failed to allege any facts showing that these defendants affirmatively participated in any acts causing a constitutional deprivation or implemented unconstitutional policies that causally resulted in a constitutional injury. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). But Coomer alleged that Arnold convinced him to stop filing grievances against Simmons in exchange for the return of his confiscated typewriter, which ultimately was never returned despite Coomer's compliance with Arnold's request. Thus, Coomer's claim that Arnold played some personal role in the alleged retaliation by causing Coomer to cease exercising his constitutional right to file grievances is not frivolous. *See Woods*, 60 F.3d at 1166; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

In sum, the pleadings, on their face, were insufficient to allow the district court to conclude at this stage that the statute of limitations barred the action, *see Gartrell*, 981 F.2d at 256-58, and the pleadings show that

No. 21-10182

Coomer's claims of retaliation for his filing of grievances are not frivolous, *see Jones*, 188 F.3d at 324-25; *Berry*, 192 F.3d at 507. The district court also erred in finding that Coomer's due process claim was barred by the *Parratt/Hudson* doctrine. However, the district court did not abuse its discretion in finding that Coomer's claims against Davis and Chisum in their supervisory capacities were frivolous, *see Porter*, 659 F.3d at 446. Accordingly, Coomer's petition for panel rehearing is GRANTED, the district court's judgment is VACATED in part and AFFIRMED in part, and the case is REMANDED for further proceedings.