United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 03-21208

———————

BILLY FREDERICK ALLEN,

Plaintiff-Appellant,

versus

JOHNNY M. THOMAS; RONNIE MAJOR;
ROBERT DICKEY; JOHN DOE, #4; DOE, #5,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

Before BENAVIDES, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Billy Frederick Allen, Texas prisoner # 366613, appeals the district court's dismissal of his

42 U.S.C. § 1983 complaint against three correctional officers:  Major Johnny M. Thomas, Ronnie

Major, and Robert Dickey.  The district court held that the defendants were entitled to summary

judgment on the issue of qualified immunity, holding that Allen had not met his threshold burden of

demonstrating a violation of a constitutional right.  *See Kipps v. Caillier*, 205 F.3d 203, 204 (5th Cir.

2000).

Allen argues that the district court erred in granting the defendants' motion to dismiss and for

summary judgment on his claim that his due process rights were violated during the confiscation of

his word processor and radio under the authority of prison Administrative Directive 03.72. He contends that the district court erred in dismissing and/or granting summary judgment on his claims that 1) Dickey violated his constitutional right to due process; 2) Administrative Directive 03.72 is unconstitutionally vague; 3) the confiscation violated his right to freedom of speech; and 4) the confiscation was retaliatory. Allen also argues that 1) the district court deprived him of the opportunity to amend his complaint; 2) the district court should not have considered the defendants' Exhibit A as competent summary judgment evidence; 3) the district court abused its discretion in denying him appointed counsel; 4) the district court abused its discretion in denying his motion for sanctions; and 5) the district court abused its discretion in denying him leave to file a supplemental complaint. Except as discussed below, all aspects of the district court's judgment are affirmed.

In granting the defendants' motion to dismiss and for summary judgment on Allen's due process claim, the district court reasoned that Allen did not have a 42 U.S.C. § 1983 claim for wrongful confiscation of property because Texas had an adequate post-deprivation remedy for negligent or intentional deprivations of property. Under the *Parratt/Hudson*[1] doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 115 (1990). Conduct is not "random and unauthorized" for purposes of the *Parratt/Hudson* doctrine if the state "delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Zinermon*, 494 U.S. at 138.

---

[1] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by*, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

Because the undisputed facts reveal that Allen's word processor and radio were confiscated under the authority of a prison administrative directive, the confiscation was not a random, unauthorized act by a state employee. *See Zinermon*, 494 U.S. at 138-39; *Brooks v. George County, Mississippi*, 84 F.3d 157, 165–66 (5th Cir. 1996). The district court erred in applying the *Parratt/Hudson* doctrine. Therefore, we VACATE that portion of the district court's order granting the defendants' motion to dismiss and for summary judgment on Allen's claim that the property confiscation violated his procedural due process rights and REMAND the case for further proceedings on that claim. In doing so, we express no view on the ultimate merits of the claim. Because the district court's grant of summary judgment on Allen's claim against Dickey on grounds of lack of personal involvement was premature, we VACATE the district court's grant of summary judgment on Allen's due process claim against Dickey and REMAND for further proceedings.

In granting summary judgment for the defendants on Allen's claim that the property confiscation was in retaliation for his exercise of his First Amendment rights, the district court concluded that Allen presented no more than his own personal belief that "but for" a retaliatory motive, his property would not have been seized. To state a valid claim for retaliation, an inmate must either produce direct evidence of motivation or "'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Allen's verified complaint alleges such a chronology of events. Allen asserts that shortly after he submitted letters critical of the prison to the mail room for mailing, Thomas ordered Major to seize from his living quarters his word processor and radio, property which Allen had possessed for years and which he had registered with the prison. The district court's refusal to allow Allen to depose two mail room employees, reasoning that their testimony would not raise a genuine issue of material fact

for trial, was premature. We VACATE the district court's grant of summary judgment for the defendants on this claim and REMAND for further proceedings.

In denying Allen's motion for the appointment of counsel, the district court concluded that no exceptional circumstances existed to require appointment of counsel. The district court provided no analysis of the relevant factors this Circuit uses to decide whether to appoint counsel for an indigent party. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Because the record does not clearly show that exceptional circumstances do not exist, the district court must present specific findings explaining why counsel was denied. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986). Thus, we VACATE the district court's denial of Allen's motion and REMAND for further proceedings.

For the reasons stated, we AFFIRM IN PART, VACATE IN PART, and REMAND to the district court for further proceedings consistent herewith.