United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30925
Summary Calendar

DENARD DARNELL NEAL,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS; KATHLEEN HAWK-SAWYER;
RONALD WAYNE THOMPSON; CARL CASTERLINE; JANE
HASCHEMEYER; WHITE, Mailroom Supervisor; ERICKSON,
Assistant Mailroom Supervisor; HALTIWANGER; CASTILLO;
PHELPS; SMITH; HARRELL WATTS; SHERRELL BOZEMAN;
LESTER PHILLIPS, In His Individual and Official
Capacity; TRANSOU, In His Individual and Official
Capacity; BOBBY TYLER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:02-CV-1908-FAL
USDC No. 1:02-CV-1942-FAL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Denard Darnell Neal, federal prisoner #23843-008, appeals

the dismissal of his <u>Bivens</u>[**] action. His argument that the

district court erred in not holding an evidentiary hearing and in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

not ordering the defendants to file answers to his compliant before dismissing his complaint is without merit. See 28 U.S.C. § 1915(e). Neal's argument that the magistrate judge's report violated 28 U.S.C. § 636 because the parties had not consented to proceed before a magistrate judge is also without merit. See 28 U.S.C. § 636(b)(1)(B).

Neal argues that the prison's forced interview of him relating to a criminal matter in the prison and his subsequent placement in segregation for his failure to cooperate during the interview violated his Fifth Amendment rights against self-incrimination and to equal protection under the law. His self-incrimination claim is without merit as he conceded in his complaint that the interview regarded the actions of "another inmate," see Cal. Bankers Ass'n v. Schultz, 416 U.S. 21, 55 (1974), and he did not adequately allege an equal protection violation, see Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992).

He argues that abuses of the inmate trust fund by prison employees violated the Fifth Amendment's Takings Clause. His allegations regarding the typewriter print wheels, the equipment bought for the prison staff's personal use, his grievances regarding the purchase of that equipment, and the prison's alleged violation of his rights under the Fifth Amendment's Takings Clause are raised for the first time in this court and will not be considered. See Leverette v. Louisville Ladder Co.,

183 F.3d 339, 342 (5th Cir. 1999). Neal's allegations that the prison's selling of typewriter ribbon to the inmates violated the Racketeer Influenced and Corrupt Organizations Act and was a continuing criminal enterprise were conclusory in the district court and are conclusory before this court. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, those claims also will not be considered. Id.

Neal argues that abuses of the prison grievance system by prison employees violated his First and Eighth Amendment rights. As he provides no support for his Eighth Amendment claim, it will not be considered. See id. Moreover, as he fails to identify when he was unable to petition the Government for redress of his grievances, when he was retaliated against for filing grievances, or how the named defendants were involved in the alleged abuses, he has failed to show how his First Amendment rights were violated. See Allen v. Thomas, 388 F.3d 147, 149 (5th Cir. 2004); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

He argues that prison employees tampered with his mail and that the mail tampering violated his First Amendment rights. Neal does not demonstrate any error in the district court's analysis of this claim or otherwise show how the reading or opening of his mail violated his constitutional rights. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey, 985 F.2d at 225. Neal also has not demonstrated that the postmaster general violated any criminal

statute or that she had a legal duty to investigate his claims of mail tampering.

All of Neal's remaining arguments before the district court have been abandoned.  See Yohey, 985 F.2d at 225.  Neal's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  The district court's dismissal of Neal's case as frivolous or for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g), and the dismissal of the instant appeal as frivolous counts as another strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We warn Neal that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.