United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10024
Summary Calendar

_____

JAVIER SAUCEDA,

                              Plaintiff-Appellant,

versus

JANAY B. WILLIAMS; LARRY HELLUMS; DAVID SCOTT; CARY COOK;
KELLI WARD; WILLIAM BARDIN,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-202
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Javier Sauceda, Texas prisoner # 839353, proceeding pro se

and in forma pauperis (IFP), appeals the district court's

dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.

§ 1915(e) as frivolous and for failure to state a claim.  Sauceda

raised claims concerning the confiscation of a pair of Nike

tennis shoes and the resulting disciplinary proceeding.

    A dismissal under § 1915(e)(2)(B) as frivolous is reviewed

for abuse of discretion, while a dismissal for failure to state a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim is reviewed de novo. <u>Harper v. Showers</u>, 174 F.3d 716, 718 & n.3 (5th Cir. 1999). Although Sauceda may be permitted to assert his claims in a § 1983 action, <u>see</u> <u>Allen v. Thomas</u>, 388 F.3d 147, 148-49 (5th Cir. 2004), Sauceda has not shown that the district court erred in dismissing his § 1983 claim for deprivation of property. <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 127-28 (1990); <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542 (1985).

Sauceda also asserts that his civil rights were violated when prison officials filed a false disciplinary charge against him. The district court correctly determined that Sauceda's assertions concerning his disciplinary proceeding were barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>cf.</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005). Further, as for the district court's determination that certain claims were barred for Sauceda's failure to exhaust administrative remedies, Sauceda does not challenge this determination. As a result, Sauceda has abandoned this issue, and this court need not address it. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Sauceda further asserts that he should have been afforded an opportunity to amend his complaint before it was dismissed. The district court acted within its authority when it dismissed Sauceda's complaint without affording Sauceda the opportunity to

amend his complaint.  <u>See</u> § 1915(e).  A district court does not err in dismissing a case without providing an opportunity to amend when no viable claim is perceptible from the underlying facts asserted in the plaintiff's pleadings.  <u>See</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 326-27 (5th Cir. 1999).

AFFIRMED.