# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-50018
Summary Calendar

HARVEY LEROY SOSSAMON, III

Plaintiff-Appellant

v.

PROPERTY OFFICER JANAY B WILLIAMS, Property Officer; MARIO MORENO, Security Officer; WARDEN CARY J COOK, Assistant Warden; T RODDY, Administrative Clerk, Region VI; CHRISTINA MELTON CRAIN, Chairman Texas Criminal Justice Board; DIRECTOR BRAD LIVINGSTON, Executive Director Texas Department of Criminal Justice; REGIONAL DIRECTOR DOUGLAS DRETKE, Executive Director Correctional Institution Division

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-972

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Harvey Leroy Sossamon, III, Texas prisoner # 1120297, filed a complaint in the district court, contending that the defendants violated his right to due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process by confiscating and destroying as "dangerous contraband" his personal property, a "multi-plug." Sossamon contended that Administrative Directive 03.72 (rev. 5) (AD 03.72), related to "Offender Property," was unconstitutional and that the defendant property officer was motivated by a retaliatory animus.

The defendants moved for summary judgment, which the district court granted. The court held that Sossamon's due process claim was barred under the Parratt/Hudson doctrine.[1] The court reasoned that the Parratt/Hudson doctrine applied because the property officer's actions in destroying the multi-plug were not authorized by AD 03.72 and because the state provided an adequate post-deprivation remedy. See Allen v. Thomas, 388 F.3d 147, 149 (5th Cir. 2004). The court held also that Sossamon's retaliation claim failed, reasoning that the destruction of the multi-plug was too de minimus to "silence a person of ordinary firmness from future First Amendment activities." Sossamon gave timely notice of his appeal. See Morris v. Powell, 449 F.3d 682, 684–85 (5th Cir. 2006).

Summary judgment is proper under FED. R. CIV. P. 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We review a grant of summary judgment de novo. Freeman v. Texas Dep't of Crim. Justice, 369 F.3d 854, 860 (5th Cir. 2004).

Sossamon contends that the provision AD 03.72, on which the district court based its conclusion that Williams's actions in destroying the multi-plug were not authorized, is not applicable because the multi-plug was deemed "dangerous contraband." Sossamon's contention is at odds with the record,

---

[1] Hudson v. Palmer, 468 U.S. 517, 534 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

however, for the district court pointed out that the defendants filed no summary judgment evidence and did not challenge that the plug was <u>un</u>altered and not dangerous contraband. Consequently, the district court correctly determined that there was no genuine issue whether Williams's actions were random and unauthorized. See Allen, 388 F.3d at 149; see also Celotex, 477 U.S. at 322. Because his actions were random and unauthorized, the district court correctly held the claim barred by the Parratt/Hudson doctrine, because Sossamon has an adequate post-deprivation remedy.

Sossamon has also failed to show that there is a genuine issue of material fact with respect to his retaliation claim or that he is entitled to judgment as a matter of law. See Celotex, 477 U.S. at 322. The district court's order granting summary judgment as to this issue is correct.

Sossamon's conclusional argument does not demonstrate that the magistrate judge abused his discretion in refusing to compel discovery responses. See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 817 (5th Cir. 2004). The magistrate judge's order refusing to compel responses is not reversible.

Finally, Sossamon contends that the magistrate judge abused his discretion in refusing to appoint counsel. The record reflects that Sossamon is capable of presenting his case. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). Sossamon has not shown that the magistrate judge abused his discretion in refusing to appoint counsel. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007).

For all these reasons, which mirror those articulated by the district court, the judgment dismissing the claims is AFFIRMED.