# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2011

No. 10-60040
Summary Calendar

Lyle W. Cayce
Clerk

TOMMY WHITE, SR.,

Plaintiff - Appellant,

v.

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; RONALD KING, Superintendent; HUBERT DAVIS; BRENDA
SIMS; SHELIA HILL; CHIQUITA BROWN; DEBRA PLATT; RITA BONNER;
PATSY MOORE; CINDY BEST; SERGEANT MONICA MALONE; WARDEN
JOHNNY DENMARK; HOWARD EVERETT,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:08-CV-111

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tommy White, Sr., Mississippi prisoner # M1572, appeals from the district

court's dismissal with prejudice of his civil rights lawsuit, filed under 42 U.S.C.

§ 1983, against various prison officials. White's first claim, alleging the use of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 10-60040

excessive force against him during a prison riot, was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  His second claim, alleging the destruction of various items of personal property (including a family bible and legal papers) by prison guards in the wake of a prison riot, was dismissed after the district court granted summary judgment for the defendants.  We now AFFIRM the district's court judgment with respect to both of White's claims.  Moreover, White's motion for appointment of counsel is DENIED.[1]

We review the district court's dismissal of White's excessive force claim as frivolous for abuse of discretion.  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 5-7 (1992).  As the Supreme Court has held, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minumus* uses of physical force." *Id*. at 9.  What constitutes an injury for purposes of an excessive force claim is dependent upon the context in which it arose. *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999).

Here, White alleges that during a prison riot, prison officials removed all inmates from their cells, including White himself, conducted a strip-search of the inmates, and forced them to lay down on hot concrete for over an hour.  As a result, White claims his elbows were bruised and bleeding and he had a red mark on his head.  Those relatively minimal injuries, as prison officials worked to restore discipline after a prison disturbance, do not rise to the level to justify

---

[1] Appointment of counsel is not required in civil cases except in exceptional circumstances, which depend on the nature and complexity of the case and the abilities of the litigant pursuing the case. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.3d 1078, 1084 (5th Cir. 1991).  This case does not present complex issues, and White has shown himself capable of pursuing his claims.  Therefore, his motion for appointment of counsel is denied.

a claim under the Eighth Amendment. *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (holding that the fact finder in an excessive force case must bear in mind that prison officials "may [have] to act quickly and decisively" and are therefore entitled to "wide-ranging deference"). Accordingly, the district court did not abuse its discretion in dismissing White's excessive force claim. *See Black v. Warren*, 134 F3d. 732, 733-34 (5th Cir. 1998).

We also find no error in the district court's grant of summary judgment on White's property claim, which we review *de novo*. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Under the Supreme Court's well-settled *Parratt/Hudson* line of cases, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a Section 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004); *See also Parratt v. Taylor*, 451 U.S 527, 541-44 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The burden is on the complainant to show that the state's post-deprivation remedy is not adequate. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

White did not allege that he was deprived of his property in accordance with any prison policy, practice, or custom, or that the deprivations of his property were in any way authorized by the prison. Nor has he shown that summary judgment was inappropriate because the district court relied on credibility determinations. Rather, White's chief allegation is that certain prison officials maliciously destroyed his property in contravention of prison policy. That brings his case directly within the *Parratt/Hudson* rubric. White did not show that Mississippi fails to provide an adequate post-deprivation remedy for his claim. To the contrary, this court has held that Mississippi's post-deprivation remedies for civil litigants in similar circumstances satisfy due process. *Nickens v. Melton*, 185 (5th Cir. 1994). Even if, as White claims, he had

No. 10-60040

no access to a replevin action under Mississippi law because his possessions were destroyed rather than simply taken, the district court properly observed that he had at least two other forms of adequate post-deprivation remedies available to him. *See* Miss. Code. Ann. § §11-38-1 (claim and delivery); *Wilson v. General Motors Acceptance Corp.*, 883 So. 2d 56, 68-69 (Miss. 2004) (setting forth the elements for a conversion claim).

The judgment of the district court is AFFIRMED. MOTION FOR APPOINTMENT OF COUNSEL DENIED.