In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00541-CV

_____

CHRISTOPHER KARONE TURNER, Appellant

V.

VERA S. FOX, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. CIV 27157

MEMORANDUM OPINION

Christopher Karone Turner, a prison inmate, sued Vera S. Fox, a correctional officer. He claimed that the confiscation of a pair of boots constituted theft. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.003(a) (West 2011). The trial court granted Fox's motion for summary judgment. Turner filed this appeal.

Turner's pro se petition alleged that another prison employee confiscated Turner's personal property and gave it to Fox to store. According to Turner, Fox eventually returned his personal property to him, except for the pair of boots.

Turner filed a Step 1 grievance asking for the return of, or reimbursement for, his boots. The Step 1 grievance was denied on the basis that the boots were confiscated "due to questionable ownership. The boots that were confiscated were a size 11; the boots that [Turner] purchased from the Commissary were a size 10." He filed a Step 2 grievance, claiming that Fox and Marsh stole his boots, that they falsely reported that the boots were confiscated "for ownership[,]" and that he had requested that his confiscated property be destroyed. His Step 2 grievance was denied on the basis that there was no violation of policy or procedure, and there was a lack of evidence supporting his claims.

Turner sued Fox under the Texas Theft Liability Act in her individual capacity. Turner alleges that the boots were a gift from his now-deceased brother-in-law, and that Fox's alleged theft of the boots has caused him "great suffering of depression, stress, and mental and emotional anguish." Turner seeks $121,000 in actual and punitive damages.

Fox filed a motion for summary judgment on the grounds that Turner is unable to prove the boots were confiscated unlawfully, and he effectively consented to property confiscation. Fox also argued that Turner could not show that Fox is not entitled to official immunity, because she was acting within the scope of her authority, performing discretionary duties, and had a good faith belief

that the confiscated boots had questionable ownership. The trial court granted Fox's motion and dismissed Turner's claims with prejudice.

The Theft Liability Act provides that "[a] person who commits theft is liable for the damages resulting from the theft." Tex. Civ. Prac. & Rem. Code Ann. § 134.003(a). The Act defines theft as "unlawfully appropriating property or unlawfully obtaining services," as described in certain Penal Code sections. *Id.* § 134.002(2) (West 2011). A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property. . . . Appropriation of property is unlawful if: (1) it is without the owner's effect consent; . . . [or] the property is stolen and the actor appropriates the property knowing it was stolen by [someone else]. . . ." Tex. Penal Code Ann. § 31.03(a),(b) (West Supp. 2012). The Theft Liability Act sets out the damages recoverable by a person who has been the victim of theft. Tex. Civ. Prac. & Rem. Code Ann. § 134.005 (West 2011).

In two issues challenging the summary judgment, Turner maintains he can prove all elements of his claim under the Texas Theft Liability Act, and that Fox is not entitled to official immunity. A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985). A moving defendant must either negate at least one element of the

plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

Fox argued in her summary judgment motion that under Texas Administrative Directive 3.72, an inmate who possesses property while incarcerated in the TDCJ consents to TDCJ's rules and regulations regarding the acquisition, possession, storage, and disposition of that property. According to Fox, the Administrative Directive cites "questionable" "ownership/legitimate possession" as one of the reasons for permissible confiscation. The pleadings before the trial court at the time it granted the motion showed that Turner's boots were confiscated because he could not provide adequate proof of ownership of the boots.[1] Fox was acting under lawful authority as a correctional officer in not returning the boots despite Turner's requests; she did not unlawfully appropriate the boots. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.003(a); Tex. Penal Code Ann. § 31.03(a),(b); *see also Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (Confiscation of items under the authority of a prison administrative directive is not a random, unauthorized act by a state employee.).

---

[1] Turner requests that he be allowed to supplement the record with "newly discovered evidence." We can only consider the matters on file with the trial court at the time the trial court granted Fox's motion for summary judgment. *See* Tex. R. Civ. P. 166a(c).

4

Furthermore, even if the pleadings could be construed to allege a tort rather than a theft, Fox would be entitled, under the circumstances, to a dismissal. *See Telthorster v. Tennell*, 92 S.W.3d 457, 460-61 (Tex. 2002) (official immunity); *see also Franka v. Velasquez*, 332 S.W.3d 367, 379-84 (Tex. 2011) (discussing Tex. Civ. Prac. & Rem. Code § 101.106(f)). When applicable, official immunity shields governmental employees from personal liability for the performance of their official duties. *See Telthorster*, 92 S.W.3d at 460-61. To obtain a summary judgment based on this affirmative defense, the governmental employee must establish that she acted in good faith in performing a discretionary duty within the scope of her authority. *Id*. at 461. To establish good faith, the movant must show "that a reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred." *Id*. at 465. To controvert this showing, a respondent must offer evidence that no reasonable state employee in the officer's position could have believed that facts were such that they justified her conduct. *See id*. If officers of reasonable competence could disagree, "the officer acted in good faith as a matter of law." *Id.*

Turner's ownership of the boots was questioned because they were not his size. Turner did not present credible evidence of ownership. As part of a grievance

5

process, two other officers conducted independent investigations and also concluded Turner presented insufficient evidence of ownership. A reasonably prudent officer could have believed that her conduct was justified based on the information Fox possessed when the conduct occurred.

Issues one and two are overruled. The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on September 19, 2013
Opinion Delivered October 24, 2013

Before McKeithen, C.J., Gaultney and Kreger, JJ.