# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2014

Lyle W. Cayce
Clerk

No. 13-40493

NORMAN LEE BIRL, JR.,

Petitioner-Appellant

v.

LEONTYNE HAYNES, Sergeant Officer; CRAIG FISHER, Bldg Maj; WADE KING, Disciplinary Captain; GREGG OLIVER, Assistant Warden; CHERYL LAWSON,

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-36

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Norman Lee Birl, Jr., seeks leave to proceed in forma pauperis (IFP) in his appeal of the magistrate judge's summary judgment dismissal of his 42 U.S.C. § 1983 suit. By moving to proceed IFP, Birl is challenging the magistrate judge's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We review the grant of summary judgment de novo, applying the same standards as the magistrate judge. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). All facts and inferences are construed in the light most favorable to the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Birl contends that the magistrate judge erred in determining that his procedural due process claims relative to the deprivation of his commissary products and inmate trust account were barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The doctrine provides that a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate post deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990). He also contends that the magistrate judge erred when she concluded that even if that doctrine did not bar his claims, the defendants were entitled to qualified immunity because he received the process that he was due.

The summary judgment evidence indicates that his property interest claims are not barred by the *Parratt/Hudson* doctrine. *See Allen v. Thomas*,

388 F.3d 148-49 (5th Cir. 2004). The magistrate judge alternatively found, however, that the defendants were correct that Birl failed to exhaust his administrative remedies on his claim that the disciplinary hearing officer violated his due process rights when he denied Birl the right to introduce evidence of the book orders. In addressing this finding, Birl asserts that "the requirements, the rules, and the necessity of submitting affidavits" were not explained to him. Birl cites cases outside of this circuit that hold that the district court must give fair notice of the requirements and consequences of the summary judgment rule. The cases are inapposite to the question of exhaustion. *See* 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Moreover, the defendants' summary judgment evidence reflects that Birl's grievances lacked the level of detail necessary to exhaust his claim that the defendants violated his due process rights when they denied him the opportunity to introduce evidence of book orders. *See Johnson*, 385 F.3d at 515-17. Thus, Birl has not shown that a nonfrivolous issue exists regarding the magistrate judge's grant of summary judgment. *See Dillon*, 596 F.3d at 266.

Birl has not shown that the magistrate judge erred in certifying that his appeal was not taken in good faith. *See Baugh*, 117 F.3d at 202. He has also failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his IFP motion, his request for a copy of the record at government expense, and his motion for the appointment of counsel are DENIED. Birl's appeal is frivolous and is therefore DISMISSED. *See id.* at 219-20; 5TH CIR. R. 42.2. The dismissal of Birl's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Birl is WARNED that if he accumulates three

strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).