# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10455

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2015

Lyle W. Cayce
Clerk

JOSE SURIA,

Plaintiff-Appellant

v.

RICHARD WATHEN, Warden, James V. Allred Unit; POLANCO BLANCO, Correctional Officer II, James V. Allred Unit; CHRIS OROURKM, Correctional Officer IV, James V. Allred Unit,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-77

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Suria, Texas prisoner # 1297062, moves for leave to proceed in forma pauperis (IFP) to appeal the dismissal as frivolous of his 42 U.S.C. § 1983 lawsuit. By moving to proceed IFP, Suria is challenging the district court's certification that the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10455

frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In addition, when the trial court's certification decision is inextricably intertwined with the merits of the case, this court may dispose of the appeal on the merits. *Baugh*, 117 F.3d at 202 n.24.

Suria renews his claim for damages for his lost personal property, asserting that the loss was the result of gross negligence and dereliction of official duty on the part of correctional officers. However, as the district court correctly determined, negligent conduct is not actionable under § 1983. *See Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995). Even affording his brief liberal construction, Suria does not assert that his allegations established more than negligence. Alternatively, assuming that his allegations sufficiently stated a claim for an intentional deprivation of property, the district court correctly dismissed his complaint under the *Parratt/Hudson* doctrine because Suria had an adequate postdeprivation remedy, to wit: a state court lawsuit for conversion. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1984).

Thus, Suria has not shown that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202. Both the district court's dismissal and the instant dismissal count as strikes for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Suria is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEALS DISMISSED; SANCTION WARNING ISSUED.

2