# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20747
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2016

Lyle W. Cayce
Clerk

VAN LEE BREWER,

Plaintiff-Appellant

v.

LAWANDA HIGHTOWER; Property Officer; JEREMY T. RAYMOND, SOTP
Case Manager; BRAD LIVINGSTON, Director of TX Department of Criminal
Justice; TONA R. BUTLER; LINDSEY J. BROWN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-94

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Van Lee Brewer, Texas prisoner # 527494, appeals following the district
court's dismissal of his 42 U.S.C. § 1983 complaint alleging a denial of property
without due process and retaliation claims.  We review the district court's
grant of the defendants' motion for summary judgment de novo, applying the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20747

same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

For the intentional deprivation of property to give rise to a due process violation, the deprivation must have been officially authorized and the plaintiff must challenge both the deprivation and the procedure under which it was authorized. *See Stotter v. Univ. of Tex. at San Antonio,* 508 F.3d 812, 821-22 (5th Cir. 2007) (citing *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Brewer never asserted that he was deprived of his property as the result of an unconstitutional storage policy; therefore, his argument that the district court erred by applying the *Parratt/Hudson* analysis to his claim is without merit. *See Allen v. Thomas*, 388 F.3d 147, 148-49 (5th Cir. 2004).

Brewer's argument that he had no adequate post-deprivation remedy is without merit. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). In addition to administrative relief, Texas's tort of conversion provides adequate state post-deprivation remedies to prisoners who claim due process violations based on deprivation of their property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *see also* TEX. GOV'T CODE §§ 501.007, 501.008.

As the party opposing summary judgment of his retaliation claim, Brewer was required to identify specific evidence in the record and to articulate the precise manner in which the evidence supported his claim. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). He was required to show, inter alia, a retaliatory adverse act and a retaliatory motive. See *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). Brewer failed to make this showing; therefore, the district court properly granted the defendants' motion

for summary judgment. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

In light of the foregoing, we do not reach the merits of Brewer's arguments concerning Eleventh Amendment immunity and the exhaustion of administrative remedies. *See Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). We find no abuse of discretion in the district court's denial of Brewer's discovery requests. *See McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013).

AFFIRMED.