# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40870

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2020

Lyle W. Cayce
Clerk

THEODORE STREATER,

   Plaintiff - Appellant

v.

SHARON ALLEN; CHARLES BELL; SERGEANT BUNNELL; T. HALL; S. CROWLEY; JONES; JOANIE JONES TURNER; TEXAS ATTORNEY GENERAL - AMICUS CURIAE,

   Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:15-CV-68

Before ELROD, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

  Theodore Streater, Texas inmate # 1430922, filed a civil rights action against employees of the Texas Department of Criminal Justice from the Eastham Unit. The district court granted summary judgment in favor of the defendants. We AFFIRM in part and VACATE and REMAND in part.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40870

## FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2014, Streater filed a Step One grievance against Assistant Warden Sharon Allen and Senior Warden Charles Bell asserting violations of his religious rights. He filed a Step Two grievance on January 26, 2015 and received an answer to the grievance on January 29. According to Streater, on February 5, Sergeant Bunnell went to Streater's cubicle in his prison dorm stating that Allen ordered Bunnell to perform a search. Streater alleged that Bunnell called him "the offender who files all of the grievances." During the search, Bunnell found a typewriter in Streater's cubicle that belonged to another inmate. Streater explained that he had been doing legal work with that other inmate. When the other inmate was moved to prehearing detention, he left the typewriter with Streater. The typewriter was confiscated, and Streater was cited for possession of contraband.

Streater alleged that Allen had ordered Bunnell to place Streater in prehearing detention and to confiscate and search his legal files. Streater further alleged that Allen accused him of extortion. Streater requested that the Office of the Inspector General ("OIG") investigate this allegation. An investigator was assigned and later told Streater that the extortion charges were unfounded. No disciplinary charge was filed against Streater on this basis.

Streater had been housed in a dorm since June 2007, and he had one major disciplinary violation that occurred in 2009. After the typewriter incident, Streater was placed in prehearing detention where he was held for 19 days. He stated that prehearing detention involved being locked in a cell for 24 hours per day with only a brief period to shower. After 19 days, Streater was placed in "transit status" and continued to be locked in his cell for 24 hours per day with some time to shower.

2

No. 18-40870

Streater was served with a disciplinary charge on February 24, 2015, for being in possession of contraband (the typewriter). The charge was reduced from a major to a minor violation. Streater was found guilty, and the minimum punishment was imposed.

After Streater submitted a written inquiry about being in transit status, he was assigned to cell-block housing. He alleged that the cell-block housing was more restrictive and contained more dangerous inmates than dorm housing. Streater claimed that a supervisor named Jones told him that Allen ordered a disciplinary notice be placed in Streater's file, rendering him dorm ineligible. Jones also allegedly told Streater that Allen was continuing to treat the disciplinary infraction as a major violation even though it had been reduced to a minor violation. Streater stated that white offenders who had recently received major infractions had not been moved from the dorm while he had been moved from the dorm for a minor infraction. Streater alleged that Bell informed Streater that Bell could declare Streater dorm ineligible for any reason, including just not liking Streater or the way he looked.

Streater claimed that he attempted to file grievances based on retaliation, but the defendants conspired to prevent the processing of his grievances. He further stated that the defendants impeded an investigation by concealing his retaliation grievances.

Streater also asserted that the conditions of his cell were unclean and, because he was Muslim, he was fed bean trays when pork was the main course. Further, he was assigned to a midnight work crew overseen by an officer who assaulted inmates without cause, and he was transferred to the Telford Unit of the prison, which he states is the most violent prison unit in Texas.

Based on these allegations, Streater claimed the defendants engaged in a conspiracy to retaliate against him, engaged in a conspiracy to block his grievances, violated his equal protection rights, denied him access to courts,

3

No. 18-40870

and violated his First and Eighth Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act. The district court granted summary judgment in favor of the defendants. Streater timely appealed.

## DISCUSSION

We review *de novo* the district court's summary judgment ruling. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016).

Streater does not challenge the district court's dismissal of his claims challenging the conditions of confinement, the denial of access to courts, or the violation of his religious rights, so those claims to be abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Streater does assert that the district court erred in granting summary judgment in favor of the defendants on his claims for retaliation, violation of his equal protection rights, and conspiracy. We will analyze those dismissals.

We first discuss the retaliation claim. To establish such a claim, an inmate must prove (1) he was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory adverse act occurred, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). In this context, "causation" means that "but for the retaliatory motive[,] the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Conclusory allegations are insufficient to survive summary judgment on a retaliation claim. *Id.*

The district court granted summary judgment after concluding there had not been a showing of retaliatory intent. Streater needed to "produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). Streater contends that he did present a chronology of events supporting

retaliatory intent.  Streater in his verified pleadings asserted that in the years prior to the events here, he was placed in the least restrictive housing and always had the same assigned work.  Then, just one week after Streater received an answer to his grievance against Allen and Bell, Bunnell came to his cubicle with orders from Allen to search and confiscate Streater's typewriter and legal files.  Streater says that Bunnell referred to him as "the offender who files all of the grievances."  Streater further alleged that after the typewriter incident, Allen ordered Bunnell to place Streater in 24-hour lockup in prehearing detention.  Further, Allen falsely claimed that Streater was involved in an extortion ring, and the OIG concluded that was unfounded.  This is enough to create a genuine issue of material fact as to whether the confiscation, resulting disciplinary case, and detention constituted retaliation. *Allen*, 388 F.3d *at* 150.

Moreover, Streater alleged he was placed into a status in which he was confined for 24 hours per day, before being reassigned to a more restrictive general population cell.  Streater also alleged he was reassigned to a more dangerous work crew and a more dangerous prison unit.  It is true that "a prisoner has no constitutionally protected interest in a particular facility or a specific work assignment." *Bibbs v. Early*, 541 F.3d 267, 271 (5th Cir. 2008). Nevertheless, a "transfer to a more dangerous section of the same prison is a sufficiently adverse retaliatory act to support a § 1983 claim." *Morris*, 449 F.3d at 687.

Only one defendant, Bell, responded to Streater's claims.  Bell filed an affidavit averring Streater's placement in a more restrictive status was due to a lack of available beds in Streater's custody level.  Bell also stated the subsequent assignment to more restrictive housing was consistent with prison policy.  Bell stated he did not conspire to file a retaliatory disciplinary case against Streater for filing grievances.  Although Bell's affidavit contradicts

No. 18-40870

Streater's allegations regarding the reasons for his repeated changes in prison housing, on summary judgment a court does not evaluate credibility. *Butts v. Martin*, 877 F.3d 571, 589 (5th Cir. 2017).

The district court erred in granting summary judgment in favor of the defendants on Streater's retaliation claim.

Streater also argues that his equal protection rights were violated because the policy deeming him dorm ineligible due to a minor disciplinary infraction was applied in a racially discriminatory manner. To avoid summary judgment on a claim for an equal protection violation, Streater must present evidence that similarly situated individuals have been treated differently, and he must present some basis to find that purposeful or intentional discrimination occurred. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). Though Streater named three inmates who he claimed remained in dorms despite disciplinary cases, he presented no evidence that these inmates were similarly situated by either disciplinary case or classification. *See id.* Moreover, in his motion for summary judgment, Streater indicated that two of these offenders were also removed from the dorm for some period. Thus, his discrimination claim is unsubstantiated.

Last, Streater argues that the district court erred in granting summary judgment on his claim that the defendants conspired to retaliate and to prevent the investigation of grievances. To establish a conspiracy claim under 42 U.S.C. § 1983, Streater has to "show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory allegations of conspiracy do not create a fact issue on summary judgment. *Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006). Streater's verified complaint offers only blanket allegations that the defendants "conspired." Streater's claim is actually about the outcome of the grievances he presented, but he has no constitutionally protected liberty interest in having

6

"grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Summary judgment was properly granted to the defendants on this claim.

The district court's grant of summary judgment on Streater's retaliation claim is VACATED and REMANDED. The judgment is otherwise AFFIRMED.