# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2020

Lyle W. Cayce
Clerk

No. 19-40019
Summary Calendar

MARK CLIFF SCHWARZER,

Plaintiff-Appellant

v.

DALE WAINWRIGHT; LORIE DAVIS; KELVIN SCOTT; PATRICIA CHAPA;
ROBERT G. BEARD, JR.; PAMELA C. BAROS; TRAVIS L. WHITE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:18-CV-29

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Mark Cliff Schwarzer, Texas prisoner # 1433741, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several prison officials related to the confiscation of property by a correctional officer. He filed the suit as a purported class action on behalf of Texas Department of Criminal Justice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inmates.  The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A, and it denied the request for class certification.

Schwarzer has moved to supplement the record with exhibits attached to his appellate brief.  "An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling."  *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  Accordingly, the motion is denied.

We review the dismissal as frivolous pursuant to § 1915A for abuse of discretion.  *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).  A complaint is frivolous and lacks an arguable basis in law if it is based upon an indisputably meritless legal theory.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Schwarzer first challenges the dismissal of his claim based on deprivation of property.  He contends that prison policies allow correctional officers to take the property of inmates without cause.  Relatedly, renewing a claim raised in his complaint, but not expressly addressed by the district court, Schwarzer asserts that the primary issue in his case is a violation of substantive due process.

Under the *Parratt/Hudson* doctrine, the deprivation of a constitutionally protected property interest caused by a state actor's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate post-deprivation remedy.  *Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *see Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).  However, "postdeprivation remedies," such as state tort suits, "do not satisfy due process where a

deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Hudson*, 468 U.S. at 532. In such a case, a § 1983 claim is appropriate. *See Augustine v. Doe*, 740 F.2d 322, 329 (5th Cir. 1984). Conduct is not "random and unauthorized" for purposes of the *Parratt/Hudson* doctrine if the state "delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Zinermon*, 494 U.S. at 138.

Schwarzer alleged in his complaint that his Step 1 and Step 2 grievances were denied based on a determination that the seizure of his property was pursuant to policy. He attached the relevant grievance forms to his complaint, and the responses to these grievances by prison officials support Schwarzer's factual allegations about the stated justification for denying his grievances.

Because the factual allegations of the complaint and the grievance forms indicate that the confiscation of Schwarzer's property was not a random, unauthorized act by a state employee, we conclude that the district court's dismissal as frivolous, pursuant to the *Parratt/Hudson* doctrine, of Schwarzer's claim based on the alleged confiscation of his property was an abuse of discretion. *See Allen v. Thomas*, 388 F.3d 147, 148-49 (5th Cir. 2004); *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 n.2 (5th Cir. 1995). Therefore, we vacate that portion of the district court's order dismissing Schwarzer's claim based on the deprivation of property and remand for further proceedings. *See Allen*, 388 F.3d at 149. We express no opinion as to the merits of any such claim.

Otherwise, we affirm the district court's judgment. Schwarzer's claim based on the denial of a meaningful prison grievance system was properly dismissed, as a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Further, Schwarzer cannot demonstrate that

No. 19-40019

prisoners have a constitutional right to a grievance system. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). To the extent that Schwarzer raised a claim based on the failure to follow prison regulations, the claim was properly dismissed, as mere violations of prison rules or regulations do not alone rise to the level of constitutional violations and, therefore, such claims are not actionable under § 1983. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Finally, Schwarzer has not challenged the denial of his request for class certification. The issue is therefore deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.