# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2021

Lyle W. Cayce
Clerk

No. 20-50663
Summary Calendar

Lana Calhoun,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Jennifer Cosby, *and her successor in interest*;
Karen Stroleny,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-380

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Lana Calhoun appeals following the district court's dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim. She also appeals the denial of her Federal Rule of Civil Procedure 59(e) motion.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50663

Calhoun's suit challenges prison officials' failure to process her requests to withdraw money from her inmate trust fund. This conduct, she contends, deprived her of property without due process. The district court rejected the claim on the ground that state tort law provided a meaningful postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). But the allegations in Calhoun's complaint indicate that the deprivation may have resulted from established state procedure or policy rather than random and unauthorized action. Postdeprivation remedies like state tort suits "do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Hudson*, 468 U.S. at 532. As a result, Calhoun's allegations challenging state procedures may state a procedural due process claim. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Allen v. Thomas*, 388 F.3d 147, 148–49 (5th Cir. 2004); *Augustine v. Doe*, 740 F.2d 322, 329 (5th Cir. 1984). Accordingly, we VACATE the district court's dismissal of Calhoun's § 1983 complaint and REMAND for further proceedings. Calhoun's motion to expedite the appeal is DENIED as moot.[1]

---

[1] Calhoun's appeal also challenges the district court's denial of her motion for reconsideration. As we have already vacated the dismissal of her complaint, the refusal to reconsider that ruling no longer matters. On reconsideration, Calhoun also challenged the district court's decision to grant her *in forma pauperis* (IFP) status. She instead wanted to pay the filing fee out of her prison account and believed that her suit would be subject to the Prison Litigation Reform Act's three-strike provision only if she were proceeding IFP. But the language of 28 U.S.C. § 1915(g) suggests that the three-strikes bar applies to any prisoner suits dismissed for failure to state a claim, regardless of IFP status. Accordingly, Calhoun has not shown that no reasonable person could take the view adopted by the district court in denying her Rule 59(e) motion on this ground. *See Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008); *Dawson v. United States*, 68 F.3d 886, 896 (5th Cir. 1995).