# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-50018
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2023

Lyle W. Cayce
Clerk

Clint Harrison Eller,

*Plaintiff—Appellant*,

*versus*

CO Gary W. Cole; Pamela G. Taylor; Lt. FNU Simmons; Ginger Campos; Michael Alsobrook,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CV-857

_____

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se* and *in forma pauperis*, Clint Harrison Eller, Texas prisoner # 2159361, challenges the *sua sponte* dismissal of his complaint, under 42 U.S.C. § 1983, for failure to state a claim under 28 U.S.C. § 1915(e). Eller asserts he suffered an unconstitutional deprivation of property when

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

defendants failed to properly secure his possessions during his hospitalization.

The dismissal is reviewed *de novo*, applying the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6) (failure to state claim). *E.g.*, *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998). A complaint fails to state a claim when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). *Pro se* filings are construed liberally. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 400 (5th Cir. 2021).

The *Parratt/Hudson* doctrine precludes Eller from pursuing his deprivation of property claim under § 1983. *See Parratt v. Taylor*, 451 U.S. 541, 541–44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Under the *Parratt/Hudson* doctrine, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (citation omitted). Eller's complaint alleged the deprivation of his property was random and unauthorized by applicable prison procedure. The Texas tort of conversion provides an adequate post-deprivation remedy to prisoners claiming due-process violations based on deprivation of their property. *E.g.*, *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994). Eller also fails to state a claim under § 1983 that the defendant supervisor is liable under a supervisory-liability theory. *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) ("Under [§] 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

AFFIRMED.